IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO: 6:19-cv-00419-RBD-GJK

TOM WOOTON, et al.,

    Plaintiffs,

v.

STEELMASTER INDUSTRIES, INC.,

    Defendant.
_____/

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND FOR DISMISSAL WITH PREJUDICE

Plaintiffs Tom Wooton, David Kahle, Allen Stitts, Ryan Jarkovsky, Kevin Ryan, and James McHugh ("Plaintiffs") and Defendant Steelmaster Industries, Inc. ("Defendant") (collectively, the "Parties"), by and through their undersigned counsel, hereby file this Joint Motion for Approval of Settlement Agreement and for Dismissal with Prejudice, and as grounds in support thereof state as follows:

1. Plaintiffs were formerly employed by Defendant.

2. On or about September 19, 2018, Plaintiff Tom Wooton filed a lawsuit against Defendant in the United States District Court for the Middle District of Florida, Tampa Division, Case No. 8:18-cv-02317-SDM-AEP, on behalf of himself and others allegedly similarly situated, alleging claims of unpaid overtime compensation in violation of the Fair Labor Standards Act ("FLSA") ("The Lawsuit"). [Dkt. No. 1]. The case was later transferred to the Orlando Division and assigned Case No. 6:19-cv-00419-RBD-GJK.

3. The remaining Plaintiffs filed Notices of Consent to Joint as Opt-In Plaintiffs. [*See* Dkt. Nos. 3, 4, 7, 35, 37].

4. During settlement negotiations where the Parties freely exchanged information and documentation that would have eventually been obtained through discovery, the Parties were able to evaluate their respective positions and amicably resolve all of Plaintiffs' disputed claims, including attorneys' fees and costs, without any admission of fault or liability.

5. For a release and waiver of claims agreement to be considered effective under the FLSA, it needs to be approved by a Court or supervised by the United States Department of Labor.  See Lynn's Food Stores, Inc. v. United States Dept. of Labor, 679 F.2d 1350, 1352-55 (11th Cir. 1982) (court must scrutinize the settlement agreement for fairness in FLSA cases); see also Silva v. Miller, 307 F. App'x 349, 351 (11th Cir. 2009).

6. Accordingly, the Parties are submitting the Settlement Agreements for approval by the Court. (Composite Exhibit A).

## FAIRNESS OF THE TERMS OF SETTLEMENT

7. In the Lawsuit, Plaintiffs alleged that they routinely worked in excess of 40 hours per week without being paid overtime, in violation of the FLSA.  Defendant contends that there was no violation of the FLSA and further disputes Plaintiffs' claims regarding the amount of time they worked.

8. A *bona fide* dispute exists between the Parties regarding whether Plaintiffs are entitled to payment of overtime compensation and if Plaintiffs are so entitled, how much overtime, if any, is owed.

9. To avoid the risks and costs associated with further litigation, Plaintiffs and Defendant have agreed to resolve Plaintiffs' disputed claims against Defendant.  Individually executed Settlement Agreements have been submitted to this Court for review.  (Exhibit A).

10. The Settlement Agreements ("Agreements") signed by Plaintiffs and Defendant resolve all disputed claims and potential claims by Plaintiffs against Defendant, including any claims for attorney's fees and costs, which are specifically addressed by the Agreement.

11. Additionally, in light of the *bona fide* dispute in this case as to whether Plaintiffs are entitled to any of the monies they claim are owed, Plaintiffs and Defendant submit that the resolution of Plaintiffs' claims in this case are fair and reasonable given the risks, uncertainties, and expense of further litigation for all. Moreover, notwithstanding the Defendant's denial of any liability whatsoever, the amount of the settlement proceeds allocated to the Plaintiffs represents 100% of the amount that Plaintiffs claims they are owed, including liquidated damages. See Dail v. George A. Arab Inc., 391 F. Supp. 2d 1142, 1145 (M.D. Fla. 2005) ("Where a plaintiff is offered full compensation on his FLSA claim, no compromise is involved and judicial approval is not required.").

12. Plaintiffs and Defendant request that the Court approve the Agreement as fair and reasonable in this case given the nature of the dispute, the legal issues involved, and the risks and costs associated with further litigation.

### *Reasonableness of Attorney's Fees and Costs*

13. Under the terms of the Agreement, Plaintiffs' counsel is being paid for fees and costs in representing Plaintiffs from the commencement of the Lawsuit through the approval of the settlement, the conclusion of the case, and disbursement of funds – which was negotiated separate from and without regard to the amount paid to Plaintiffs to settle Plaintiffs' alleged FLSA claims. See Bonetti v. Embarq Mgmt. Co., 2009 WL 2371407 (M.D. Fla. Aug. 4, 2009). The proceeds that Plaintiffs' counsel is to receive under the terms of this Agreement fully satisfies all of Plaintiffs' litigation costs and attorneys' fees incurred in this matter.

14. In light of the work done on this matter, Plaintiffs' counsel represents that the fees

and costs are reasonable and represent a substantial compromise of the fee arrangement under the terms of the retention agreement with Plaintiffs.  Accordingly, Plaintiffs and Defendant respectfully request that the Court approve the payment of fees to the law firm of Richard Celler Legal, P.A., for claims for costs and attorneys' fees as part of the Agreement.

**WHEREFORE**, for the foregoing reasons, the Parties respectfully request that this Court approve the attached Agreements as a fair and reasonable resolution of the *bona fide* dispute under the FLSA between Plaintiffs and Defendant, and dismiss the above styled matter <u>*with prejudice*</u>, with each party bearing their own attorneys' fees and costs (except as specifically noted herein).

Respectfully submitted on September 17, 2019.

| | |
|---|---|
| <u>*/s/  Noah E. Storch*</u> | <u>*/s/ Nicholas S. Andrews*</u> |
| Noah E. Storch, Esq. | Shane T. Muñoz, Esq. |
| Fla. Bar No. 0085476 | Florida Bar No.: 067024 |
| E-Mail: noah@floridaovertimelawyer.com | E-mail: smunoz@fordharrison.com |
| **Richard Celler Legal, P.A.** | Todd S. Aidman, Esq. |
| 10368 W. SR. 84, Suite 103 | Florida Bar No.: 173029 |
| Davie, Florida 33324 | E-Mail:  taidman@fordharrison.com |
| Telephone: (866) 344-9243 | Nicholas S. Andrews, Esq. |
| Facsimile: (954) 337-2771 | Florida Bar No.: 0105699 |
| *Counsel for Plaintiff* | E-Mail: nandrews@fordharrison.com |
| | **FORD & HARRISON LLP** |
| | 101 E. Kennedy Blvd., Suite 900 |
| | Tampa, FL  33602 |
| | Telephone: (813) 261-7800 |
| | Facsimile: (813) 261-7899 |
| | *Counsel for Defendant* |